UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:25-CV-638-M

| | |
|---|---|
| MARIA BELEN ALBAN LOPEZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH B. EDLOW, *Director, U.S. Citizenship and Immigration Services*,<br><br>Defendant. | MEMORANDUM AND RECOMMENDATION |

This matter is before the court on the motion to dismiss of Joseph B. Edlow, Director, United States Citizenship and Immigration Services ("USCIS"), pursuant to Fed. R. Civ. P 12(b)(1) and (6). [DE-13]. Plaintiffs Maria Belen Alban Lopez ("Alban") and Esteban Andre Jaramillo Aman ("Jaramillo") did not respond to the motion, and the time to do so has expired. The motion is ripe and has been referred to the undersigned for memorandum and recommendation. *See* Jan. 15, 2026 Text Order. For the reasons stated below, it is recommended that the motion to dismiss be allowed.

## I. Background

On October 9, 2025, Alban and Jaramillo, a married couple who are citizens and nationals of Ecuador residing in Raleigh, North Carolina, filed a complaint alleging that USCIS has unreasonably delayed in taking action on their pending immigration petitions for U-Visas in violation of the Administrative Procedures Act (the "APA"), 5 U.S.C. §§ 555(b), 706(1). Plaintiffs seek a declaration that USCIS's delay in processing their petitions is unreasonable and an order directing USCIS to act on the petitions within fourteen days. Compl. [DE-1]. In moving to dismiss

Plaintiffs' claims, USCIS asserts that the court lacks subject matter jurisdiction and that Plaintiffs have failed to state a claim. [DE-14].

## II. Standard of Review

A court must dismiss all or part of an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Whether subject matter jurisdiction exists is a threshold question that must be addressed before considering the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999); *see also* Fed. R. Civ. P. 12(h)(3) ("if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The plaintiff, as the party opposing a Rule 12(b)(1) motion to dismiss, has the burden of proving that subject matter jurisdiction does, in fact, exist. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (citations omitted).

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *Giarratano*, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." *Massey v. Ojaniit*, 759 F.3d 343, 352 (4th Cir. 2014). A court need not accept as true a complaint's legal conclusions,

"unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302; *see Iqbal*, 556 U.S. at 678–79. Rather, a plaintiff's allegations must "nudge[] [his] claims," *Twombly*, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility," *Iqbal*, 556 U.S. at 678–79.

**III. Discussion**

Congress created the U-Visa program through the Victims of Trafficking and Violence Protection Act of 2000. Pub. L. No. 106-386, 114 Stat. 1464; *Galeas v. Noem*, No. 3:25-CV-00552-KDB-SCR, 2026 WL 27286, at *3 (W.D.N.C. Jan. 5, 2026). The U-Visa "covers eligible aliens who are victims of serious crime and who cooperate with law enforcement" and "provides a set of immigration protections and privileges (including work authorization) for aliens who are both eligible for and granted U-Visas by the agency." *See Gonzalez v. Cuccinelli*, 985 F.3d 357, 362 (4th Cir. 2021) (citing 8 U.S.C. § 1101(a)(15)(U) (providing statutory eligibility criteria); 8 U.S.C. § 1184(p) (providing petitioning procedures, agency duties and authority, and a statutory cap of 10,000 U-Visas per year)). To qualify for a U-Visa, an alien must file a petition with USCIS and demonstrate that the alien:

> (1) "has suffered substantial physical or mental abuse as a result of having been a victim of criminal activity"; (2) "possesses information concerning [the] criminal activity"; (3) "has been helpful, is being helpful, or is likely to be helpful to [government officials] investigating or prosecuting [the] criminal activity"; and (4) the criminal activity is a covered offense that "violated the laws of the United States or occurred in the United States . . . or the territories and possessions of the United States."

*Gonzalez*, 985 F.3d at 363 (quoting 8 U.S.C. § 1101(a)(15)(U)(i)). "USCIS has sole jurisdiction over all petitions for U nonimmigrant status." 8 C.F.R. § 214.14(c)(1); *Galeas*, 2026 WL 27286, at *3. "USCIS automatically issues an Employment Authorization Document incident to the grant of U-visa status[,] 8 C.F.R. § 214.14(c)(7)[,] [and] [p]etitioners may also seek derivative U-

visa status and employment authorization for qualifying family members[,] [8 C.F.R.] § 214.14(f)." *Galeas*, 2026 WL 27286, at *3 (citing *Andrade Carranza v. Cuccinelli*, No. 2:19-CV-3078-BHH, 2020 WL 6292639, at *1 (D.S.C. Mar. 23, 2020), *report and recommendation adopted*, 2020 WL 5810516 (D.S.C. Sept. 30, 2020)). Congress capped the annual number of principal (but not related spouse or child) U-Visas that USCIS can issue at 10,000 each fiscal year. 8 U.S.C. § 1184(p)(2)(A). Because demand is consistently higher than the allotted number, USCIS implemented a waiting list. 8 C.F.R. § 214.14(d)(2); *Galeas*, 2026 WL 27286, at *3. It is mandatory that "[a]ll eligible petitioners who, due solely to the cap, are not granted U–1 nonimmigrant status" be placed on the waiting list, and USCIS has discretion to "authorize employment for such petitioners and qualifying family members." 8 C.F.R. § 214.14(d)(2); *Galeas*, 2026 WL 27286, at *3. Alternatively, even if a petitioner has not been placed on the waiting list, Congress provided that "[t]he Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title," 8 U.S.C. § 1184(p)(6), which USCIS implemented on June 14, 2021, through a Bona Fide Determination ("BFD") process. *See* USCIS Policy Manual, vol. 3, pt. C, ch. 5, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5; *Nevarez Jurado v. Freden*, 813 F. Supp. 3d 376, 383 (W.D.N.Y. 2025) ("On June 14, 2021, in response to 'drastic increases in the volume of U nonimmigrant[ ] petitions and a growing backlog awaiting placement on the waiting list or final adjudication,' USCIS announced and implemented the Bona Fide Determination . . . process.") (quoting *Kothari v. Dir. of U.S. Citizenship & Immig. Servs.*, 2025 WL 732075, at *3 (N.D. Ill. Jan. 24, 2025)).

Alban reported to the Raleigh Police Department that she was a victim of stalking, and Alban and Jaramillo subsequently applied for U-Visas on December 9, 2024, and for work

authorization on June 11, 2025. Compl. [DE-1] ¶¶ 41–44. No action has been taken with respect to the U-Visa applications or request for work authorization. *Id.* ¶¶ 47–48. Plaintiffs invoke the APA, asking the court (1) to find that USCIS unreasonably delayed in making BFDs, employment authorization document ("EAD") determinations, and waiting list decisions, and (2) to order the USCIS to do so within fourteen days. *Id.* ¶¶ 52–186.

The Fourth Circuit in *Gonzalez* explained the APA framework applicable to unreasonable delay claims, like those asserted here:

> The Administrative Procedure Act authorizes suit by "[a] person suffering [a] legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. "[A]gency action" is defined to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." § 551(13) (emphasis added). The APA provides relief for a failure to act in § 706(1): "The reviewing court shall . . . compel agency action *unlawfully withheld or unreasonably delayed*." (emphasis added); *see also* 28 U.S.C. § 1331 (providing subject-matter jurisdiction over APA claims). The APA also directs that an agency "shall proceed to conclude a matter presented to it" "within a reasonable time." § 555(b).

985 F.3d at 365. *Gonzalez* also recognized that a court's authority to compel agency action, even where it has been "unlawfully withheld or unreasonably delayed," is limited and "does not apply when 'statutes preclude judicial review' . . . [or] when 'agency action is committed to agency discretion by law.'" *Id.* (quoting 5 U.S.C. § 701(a)(1) & (2); and citing *Heckler v. Chaney*, 470 U.S. 821, 831–33 (1985)). Put another way, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). Applying this framework, the *Gonzalez* court dismissed for lack of jurisdiction a challenge to USCIS's delay in adjudicating claims for work authorization before being placed on the U-Visa waiting list "because the agency was not *required* to adjudicate their requests for work authorization—meaning that the failure to

adjudicate these claims was not unlawful and the delay in adjudicating these claims was not unreasonable." 985 F.3d at 366. The waiting list decision, however, was found to be reviewable because "unlike the pre-waiting-list work authorizations, the agency has committed itself by regulation to place eligible applicants on the waiting list." *Id.* at 374 n.10 (citing 8 C.F.R. § 214.14(d)(2) ("[a]ll eligible petitioners who, due solely to the cap, are not granted U–1 nonimmigrant status *must* be placed on a waiting list")).

**a. Claim One – BFDs & EADs**

Plaintiffs' first claim that USCIS unreasonably delayed in making BFDs and EADs fails for lack of subject matter jurisdiction because, as explained in *Gonazlez*, under § 1184(p)(6), the agency "*may* grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status . . . ." (emphasis added), and thus the determinations are discretionary rather than required. *See id.*; *Galeas*, 2026 WL 27286, at *5 ("as the Fourth Circuit has recently made clear, courts lack jurisdiction over claims for work authorization in this context because neither the Secretary nor USCIS is 'required to adjudicate . . . requests for work authorization—meaning that the failure to adjudicate these claims [is] not unlawful and [any alleged] delay in adjudicating these claims [is] not unreasonable.'") (quoting *Gonzalez*, 985 F.3d at 366). Although Plaintiffs did not respond to the Government's motion to dismiss on this ground, Def.'s Mem. [DE-14] at 12–13, in the complaint they assert the legal conclusion that "USCIS is required to make a BFD and EAD decision," citing *Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 450–51 (6th Cir. 2022), and the USCIS policy guide. Compl. [DE-1] ¶ 56. *Garcia*, however, is not binding on this court, and the Fourth Circuit's decision to the contrary in *Gonzalez* is controlling.

In *Garcia*, the Sixth Circuit noted: it addressed the same issues as the Fourth Circuit in *Gonzalez*; the *Gonzalez* court had decided that (1) the federal courts lack "jurisdiction" over the

prewaitlist work-authorization claims; (2) the federal courts can review the waitlist claims; and (3) unreasonable-delay claims should not be resolved at the motion-to-dismiss stage; and it agreed with the Fourth Circuit's second and third conclusion but not its first regarding the lack of jurisdiction over the prewaitlist work-authorization claims. *Garcia*, 25 F.4th at 439 n.2. The *Garcia* court reasoned that "USCIS's determination of whether a U-visa application is 'bona fide' is mandatory per our construction of § 1184(p)(6) and the BFD process's kindred interpretation of that provision," but "Section 1184(p)(6)'s use of 'may' and the BFD process . . . render[s] discretionary the decision to issue work authorizations to prewaitlist U-visa applicants." *Id.* In doing so, *Garcia* explained its disagreement with the Fourth Circuit:

> The Fourth Circuit in *Gonzalez* concluded that the federal courts do not have "jurisdiction" under § 706(1) to review USCIS's failure to adjudicate prewaitlist work-authorization applications. *See Gonzalez*, 985 F.3d at 361–62. We are not certain that the Fourth Circuit would reach the same conclusion now that the BFD policies have been issued. In determining that it had no "jurisdiction" under § 706(1), *Gonzalez* emphasized that "there are no regulations or defined procedures, much less longstanding ones, for evaluating pre-waiting-list work authorizations." *Id.* at 370. Now that the BFD process is in place, there are defined procedures for evaluating prewaitlist work authorizations. The Fourth Circuit also concluded that the terms "pending" and "bona fide" used in § 1184(p)(6) are broad, unreviewable standards. For the reasons stated in this section, we disagree. *See id.* at 370–71. We emphasize that the BFD process now supplies lengthy detail about the meaning of "bona fide." To the extent that "bona fide" may have meant nothing when the Fourth Circuit issued *Gonzalez*, that term certainly means something now.

*Id.* at 451 n.8. The Fourth Circuit, however, has since cited favorably its holding from *Gonzalez* that "language in neither the statute [8 U.S.C. § 1184(p)(6)] nor the regulation [8 C.F.R. § 214.14(d)(2)] was sufficient to mandate USCIS to act regarding work authorization, and its failure to act was therefore unreviewable." *See Lovo v. Miller*, 107 F.4th 199, 211 (4th Cir. 2024) (citing *Gonzalez*, 985 F.3d at 366–71); *see also Galeas*, 2026 WL 27286, at *5 (applying *Gonzalez* and dismissing claim that USCIS unreasonably delayed in adjudicating bona fide determination and

request for work authorization prior to placement on the U-visa waiting list); *Vasquez v. Mayorkas*, No. 5:20-CV-00025, 2021 WL 4167323, at *7 (W.D. Va. Sept. 13, 2021). Accordingly, the court should dismiss for lack of subject matter jurisdiction Plaintiffs' claim that USCIS unreasonably delayed in making BFDs and EADs because USCIS's failure to act is unreviewable.[1]

**b. Claim Two – Waiting List**

The Government concedes that 8 C.F.R. § 214.14(d)(2) requires USCIS to place eligible petitioners on the waiting list but argues that nothing requires it to do so within a particular timeframe, so the claim fails as a matter of law. Def.'s Mem. [DE-14] at 19–20; 8 C.F.R. § 214.14(d)(2) ("[a]ll eligible petitioners who, due solely to the cap, are not granted U–1 nonimmigrant status must be placed on a waiting list"). Although Plaintiffs did not respond to the Government's argument, in the complaint they allege that a 10-month delay is unreasonable and that the relevant factors weigh in favor of compelling agency action. Compl. [DE-1] ¶¶ 134–80.

In *Gonzalez*, the Fourth Circuit determined that the plaintiffs had pled sufficient facts to alleged a plausible claim for unreasonable delay in adjudicating their waiting list placement. 985 F.3d at 374–75. In doing so, the court observed that "[t]he Supreme Court has not, so far, provided clear guidance on how to determine how long is too long to wait for an agency adjudication" and that "most lower courts have followed the D.C. Circuit's decision in *TRAC v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984), which 'list[s] factors that are relevant to determining whether agency action has been unreasonably delayed.'" *Id.* at 375 (quoting *Fed. Regulatory Comm'n v. Powhatan Energy Fund, LLC*, 949 F.3d 891, 903 (4th Cir. 2020)). The *TRAC* factors are:

(1) the time agencies take to make decisions must be governed by a rule of reason;

[1] The Government alternatively argued that review of these claims is precluded under 8 U.S.C. § 1252(a)(2)(B), due to the discretionary nature of § 1184(p)(6), and that the delay alleged was insufficient to state a claim. The Fourth Circuit declined to reach the statutory preclusion issue in *Gonzalez*, 985 F.3d at 367 n.4, and the court need not reach either issue here where it lacks jurisdiction over the BFD and EAD claims under § 706(1).

> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.* (quoting *TRAC*, 750 F.2d at 80). The Fourth Circuit instructed that the factors were not required but could "offer helpful guidance." *Id.* The court also observed that claims of unreasonable delay were "necessarily fact dependent" and "typically" should not be resolved at the motion to dismiss stage. *Id.*

Here, Plaintiffs' allegation that their U-Visa petitions had been pending for ten months without a waiting list decision is, as a matter of law, insufficient to state a plausible claim for unreasonable delay. While "typically" such claims may not be appropriate for resolution on a motion to dismiss, *Gonzalez*, 985 F.3d at 375, due to the relatively short amount of time Plaintiffs' petitions had been pending when they sought relief under the APA, dismissal for failure to state an unreasonable delay claim is appropriate in this case. "'Absent a congressionally supplied yardstick, courts typically turn to case law as a guide' to assess whether a given period of delay is reasonable." *Galeas*, 2026 WL 27286, at *6 (quoting *Mueller v. Blinken*, 682 F. Supp. 3d 528, 538 (E.D. Va. 2023). In *Galeas*, the court recently dismissed a claim of unreasonable delay in U-Visa waiting list placement because the plaintiffs failed to plausibly allege that a 13-month delay was unreasonable. *Id.* at *5–6 ("Numerous courts, including within the Fourth Circuit, have held that

less than two-year delays in [the visa] context are not unreasonable.") (citing *Mueller*, 682 F. Supp. 3d at 537–39; *Begum v. United States Dep't of State*, No. 1:22-CV-00478-JMC, 2022 WL 16575703, at *7 (D. Md. Oct. 31, 2022) (25-month delay between transfer of case to embassy and filing suit and 33-month delay between case transfer to court's opinion not unreasonable); *Nusrat v. Blinken*, No. 1:21-cv-2801, 2022 WL 4103860, at *6 (D.D.C. Sept. 8, 2022) (delay of 32 months not unreasonable)); *see also Nayi v. Noem*, 799 F. Supp. 3d 739, 748 (N.D. Ill. 2025) (finding plaintiffs failed to state an unreasonable delay where they "sought relief after eight months of waiting" and "[e]ven considering that it has now been fifteen months since their petitions were filed" when the court ruled) (citing *Calderon-Ramirez v. McCament*, 877 F.3d 272, 276 (7th Cir. 2017) (affirming district court's dismissal of APA claim that 18 month delay in processing U-Visa petition for the waiting list was unreasonable)); *Aljabari v. Mayorkas*, No. 21-CV-6645, 2022 WL 2073047, at *4 (N.D. Ill. June 9, 2022) (courts recognize "that a one-year delay (if not more) is reasonable"); *Uranga v. U.S. Citizenship & Immigr. Servs.*, 490 F. Supp. 3d 86, 105 n.6 (D.D.C. 2020) (noting that "other district courts have found delays of three to four years for U-visa adjudication to be unreasonable, while concluding that delays within the realm of 1-2 years were reasonable" and finding plaintiff failed to state a claim for unreasonable delay with respect to waiting list eligibility based on four-year delay).

The *Gonzalez* case, where the Fourth Circuit found that the plaintiffs did state a plausible unreasonable delay claim, is materially distinguishable from the instant case where the plaintiffs' petitions had been pending for "at least 30 months" without being processed, *Gonzalez v. Cissna*, 364 F. Supp. 3d 579, 581 (E.D.N.C. 2019), three times longer than the petitions in this case. None of the cases cited in Plaintiffs' complaint for the proposition that a 10-month delay is unreasonable addressed petitions pending for such a short length of time. Compl. [DE-1] ¶ 179 (citing cases

where delays ranging from 15–50 months were found to be unreasonable). Additionally, consideration of the *TRAC* factors at the motion to dismiss stage is appropriate in this atypical case, due to the short period of delay alleged, and those factors support the conclusion that Plaintiffs have failed to state an unreasonable delay claim. *See Hassan v. Bitter*, 748 F. Supp. 3d 722, 749 (D. Neb. 2024) (recognizing that "[n]umerous recent cases involving comparable 'unreasonable delay' claims have applied the *TRAC* factors at the motion-to-dismiss stage[.]").

In considering factor one, whether the time they agency takes to make decisions is governed by a rule of reason, courts have found "USCIS's process of 'first in, first out' to be a rule of reason." *Jiwani v. Dir. of United States Citizenship & Immigr. Servs.*, No. 1:25-CV-2847-MHC, 2026 WL 788945, at *9 (N.D. Ga. Mar. 18, 2026) (collecting cases). Plaintiffs' allegation that USCIS does not make waiting list decisions on a first in, first out basis, Compl. [DE-1] ¶ 139, is not plausible where "numerous courts" have recognized that "USCIS processes U-Visa applications in the order in which they are received." *Patel v. Noem*, No. 25 C 2859, 2025 WL 2164835, at *2 (N.D. Ill. July 25, 2025) (finding complaint's allegations "did not make it plausible that USCIS has abandoned its claimed processing method"). Courts have also found the fact that a petition had been pending for a relatively short length of time, as compared to typical processing times, "counsels against concluding USCIS failed to use its asserted rule of reason." *Id.* Thus, factor one weight in favor of USCIS.

As to the second factor, when Congress has not specified a timeframe for the agency to act, "courts typically turn to case law as a guide." *Id.* at *3 (quoting *Sarlak v. Pompeo*, No. 20-35 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020)). The court has found no guidance in the caselaw suggesting that a delay of less than one year is unreasonable. *See, e.g.*, *Patel*, 2025 WL 2164835, at *3 (noting the court previously found a 25-month delay on a U-Visa waitlist

determination was not unreasonable); *Aljabari*, 2022 WL 2073047, at *4 (courts recognize "that a one-year delay (if not more) is reasonable"). Although Plaintiffs did not respond to the Government's argument that the failure to meet Congress's 180-day aspirational goal for the processing of immigration benefit applications, set forth in 8 U.S.C. § 1571(b), cannot support Plaintiffs' unreasonable delay claim under § 706(1) as a matter of law, Def.'s Mem. [DE-14] at 19–20, they rely on §1571(b) in the complaint to support the second *TRAC* factor, Compl. [DE-1] ¶¶ 149–51. Some courts have rejected the contention that § 1571(b) supports the plaintiff on the second *TRAC* factor due to its aspirational nature, *see Hassan*, 748 F. Supp. 3d at 751 (describing § 1571(b) as "merely hortatory" and rejecting plaintiff's reliance on it to support the first two *TRAC* factors), while other courts have suggested that although not binding it does provide an indication of congressional intent, *see Krihely v. Mayorkas*, No. CV 22-02973 (RC), 2023 WL 6215360, at *6 (D.D.C. Sept. 25, 2023). To the extent § 1571(b) has relevance, the delay alleged here exceeds the 180-day goal by only four months. Thus, the second factor also weighs in favor of USCIS.

The third and fifth factors address the consequences of delay if the court does not compel the agency to act. *See Rahman v. Blinken*, No. CV 22-2732 (JEB), 2023 WL 196428, at *4 (D.D.C. Jan. 17, 2023). Plaintiffs have plausibly alleged potentially harmful consequences from the delayed waiting list determination, such as the inability to acquire work authorization, a social security number, a driver's license, a bank account, or deferred action, which puts them in jeopardy of physical removal. Compl. [DE-1] ¶¶ 153–57. Thus, these factors weigh in favor of Plaintiffs.

The fourth factor, the effect of expediting delayed action on agency activities of a higher or competing priority, "carries the greatest weight in many cases," *Milligan v. Pompeo*, 502 F. Supp. 3d 302, 319 (D.D.C. 2020), and "[e]ven when all other TRAC factors lie in a plaintiff's

favor, courts have refused to grant relief where entering 'a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain.'" *Jiwani*, 2026 WL 788945, at *11 (quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003)). Plaintiffs' allegation that granting them relief would not "simply push Plaintiffs to 'the front of the line' because there is no 'line,'" Compl. [DE-1] ¶ 164, is not plausible because it is based on the likewise implausible allegation that USCIS does not make waiting list decisions on a first in, first out basis, which, as explained above, has been rejected by courts. *See Galeas*, 2026 WL 27286, at *6 (finding that "[o]rdering USCIS to adjudicate Plaintiffs' petitions ahead of others would reorder the queue" and as such the fourth *TRAC* factor weighed in favor of USCIS). Thus, the fourth factor weighs in favor of USCIS.

Finally, under the fifth factor, while pleading agency impropriety is not necessary to state a claim for unreasonable delay, Plaintiffs allege that USCIS has "intentionally slowed adjudication of U-status waiting list applications" and "regularly makes representations [in court] about its processing that it cannot prove" in bad faith. Compl. [DE-1] ¶¶ 172–73. Even assuming these are plausible allegations and that the fifth factor weights in Plaintiffs' favor, the balance of factors weighs heavily in USCIS's favor. Accordingly, because Plaintiffs have failed to state a plausible claim that a 10-month delay in making a U-Visa waiting list determination is unreasonable, the court should dismiss this claim.

## IV. Conclusion

For the reasons stated above, it is recommended that the motion to dismiss be allowed.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **June 22, 2026** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make

a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this the 8th day of June, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge